## STATE ex MAYER v LLOYD et

Ohio Appeals, 2nd Dist, Franklin Co

No 3270. Decided Jan 28, 1941

Abraham Gertner, Columbus; William C. Dixon, Martins Ferry, and J. W. Wursthorn, for plaintiff-appellant.

Thomas J. Herbert, Attorney General, Columbus, and David M. Spriggs, Asst. Atty. General, Columbus, for defendant-appellees.

## OPINION

By BARNES, J.

This cause is in this Court on an appeal on questions of law from the order of the Court below denying to the plaintiff the allowance of proper attorneys' fees in the matter there at issue.

The Court, on May 29, 1940, rendered judgment by an appropriate journal entry upon the application for attorneys' fees. The entry recites that the Court being duly advised finds that the plaintiff, as a taxpayer, through his attorneys has rendered the State and other taxpayers a valuable service in securing a declaration of the invalidity of §669-13 GC. "However, the Court finds further that such services of a taxpayer, through his attorney, are not compensable by the State, to which the plaintiff excepts."

"The Court having found that such services were not compensable by the State makes no finding as to the reasonable value thereof."

To this order of the Court the plaintiff gave notice of appeal.

We do not find that appellant has filed an assignment of errors, but in his brief he states that the, "sole question presented on this appeal is the correctness of the ruling on the application for attorneys' fees: May attorneys' fees of a taxpayer be taxed as costs and ordered paid out of taxes to be received, when the taxpayer has successfully secured an adjudication of the unconstitutionality of a tax exemption?"

Counsel for defendant-appellee asserts that the question is whether the Court may allow attorneys' fees where a taxpayer brings an action seeking to enjoin State Officials as set out in the petition for the alleged reason that the entire act from 669-1 to 669-13 was void as being unconstitutional and only one of the sections of such act is declared unconstitutional, but so separable from the remainder as not to invalidate the act and where the relief which the taxpayer prays is denied.

Sec. 669-13 GC, provides that every corporation subject to the provisions of this act is hereby declared to be a charitable and benevolent institution and its funds and property shall be exempt from taxation.

This section was held to be unconstitutional as in conflict with §2, Art. XII of the Constitution. The State did not appeal from the decision of the Court holding this section unconstitutional.

The controversy concerning attorneys fees has elicited interesting briefs from each side. The appellant asserts generally that where the tax-

payer performs valuable service for the State he is entitled to compensation and that same may be allowed under the various authorities hereinafter alluded to. On the other hand, the defendant-appellee asserts that no compensation may be allowed because of the inhibition of the Constitution against paying money out of the State Treasury; §29, Art. II.

It is further claimed as the act stood before the action of the Court, "the funds and property shall be exempt from taxation," and that, under the ruling of the Court declaring that provision unconstitutional, the funds and property are no longer free from taxation and as a consequence of the plaintiff's litigation more money will flow into the public treasury. It is argued that the money so collected will not get into the State Treasury and by inference the appellant would be relegated to an endeavor to collect from the several tax collecting divisions of the state government in proportion to the benefit rendered to each by virtue of the decision.

The application for attorneys' fees presents another unusual condition or situation, in that plaintiff's original action sought an injunction against John A. Lloyd, as Superintendent of Insurance, from issuing any certificate of authority or license to any corporation applying therefor, and from issuing any license to any agent of such corporation, and that the defendant, Joseph T. Ferguson, be enjoined from issuing vouchers to such corporations for pay roll deductions, as authorized under Senate Act 181, and from doing any of the acts necessary by him in accordance with the provisions of said law; and that the Court construe said law and enter a decree declaring same unconstitutional and, therefore, null and void and of no effect.

The trial court denied all relief against the two defendants and declared the act constitutional except §669-13. This section reads as follows:

"Every corporation subject to the provisions of this act is hereby declared to be a charitable and benevolent institution, and its funds and property shall be exempt from taxation."

Counsel for plaintiff in their petition and in their briefs urged the unconstitutionality of the above-quoted part of the act, but as we read the petition and the briefs the claimed unconstitutional provisions of Sub-section 13 were advanced as an argument why the entire act was unconstitutional.

Following the decision of the trial court, that Sub-section 13 was separable from the remainder of the act, and in determining the unconstitutionality of this sub-section, were not in line with the desires of the plaintiff-appellant. This is evidenced from the fact that the plaintiff gave notice of appeal, which was subsequently withdrawn, and on or about the same time an application made for the allowance of attorney's fees. It is apparent that service was rendered which will probably bring a large amount of money into the various taxing subdivisions by removing the exemption provisions, although it may not be said that it was the relief that plaintiff had in mind when the action was instituted.

While there is considerable doubt as to the authorization to make an allowance under such a situation, yet we are inclined to think that we would favor the allowance, if that was the only objection raised.

The very serious question and one which we are unable to surmount is that no enforceable order can be made against either or both of the present defendants.

The argument is advanced that we might properly remand the cause to the trial court with instructions to fix the amount of attorneys' fees to be allowed, without in any way determining from what source, if any, they could be paid. We are unable to follow this line of reasoning. Neither the Superintendent of Insurance nor the State Auditor has any funds, nor will have any funds, on hand which would be

available for the payment of attorneys' fees.

The contemplated benefits through the taxation of corporations organized under this act will come into the hands of other taxing subdivisions, some part of which may eventually reach the Treasurer of State. Counsel for plaintiff-appellant frankly admit that their plans for the actual collection of attorneys' fees are still vague and uncertain.

An argument has been advanced that the present situation might be likened unto a suit for personal judgment wherein the court adjudicates the amount without first determining whether or not it may be collected.

We do not think the two cases are at all similar; in fact, they are so dissimilar as to present no similarity.

A judgment against the defendants is made upon the basis of the obligation to pay, and not otherwise. In the instant case, there is no obligation to pay on the part of either of the defendants, and for that reason we think the trial court was correct in its finding.

The judgment of the lower court will be affirmed and costs adjudged against the plaintiff-appellant.

HORNBECK, PJ., concurs.
GEIGER, J., dissents.

GEIGER, J., dissenting:

It might be well to examine the act to ascertain whether or not there may be paid to the appropriate official monies which have not yet reached the State Treasury, but are subject to disbursement in payment of costs and attorneys' fees.

Sec. 669-3 GC, provides in substance: Every corporation subject to the provisions of this act shall pay to the superintendent of insurance, upon the filing of its application for a certificate of authority or license, a fee of two hundred fifty dollars, and thereafter on the first day of March of each year, a fee equal to one-tenth of one cent ($.001) for each contract issued by such corporation and then outstanding.

The order appealed from is to the effect that counsel is not entitled to any attorneys' fees, and the question as to their final payment does not concern us. That may properly come at a later date.

Related matters have been before this Court in the case of **State ex Yontz v West, Registrar, 61 Oh Ap 389** and **Harbage, Appellee v Tracy, Auditor, 64 Oh Ap 151, p. 167.** These two cases being so recently decided, it would be of no advantage to restate the principles there discussed or re-examine the cases cited. They justify the allowance of attorneys' fees in the instant case.

It is true that the case at bar does not present the precise question, but it is quite logical to advance from the position we there took to the position that the attorney is entitled to compensation to be paid out of some appropriate fund. Out of what fund it shall be paid is a matter for later consideration. He is not in any different position than is a creditor who secures a judgment. The securing of the judgment is not the securing of the money. That must be accomplished by further proceedings.

So in this case, when the Court below has fixed a proper fee, it remains the task of the attorney to find the money.